IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LIONEL RAYALE MAURICE**                                                                    **PETITIONER**

**v.**                                                       **CIVIL ACTION NO. 3:25-cv-291-TSL-MTP**

**WARDEN BARRY WINGFIELD**                                                         **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Lionel Rayale Maurice's Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition be dismissed without prejudice for Maurice's failure to exhaust administrative remedies prior to filing the Petition.

### BACKGROUND

On July 10, 2013—following his conviction in this Court for possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841—Maurice was sentenced to 240 months of incarceration. *See United States v. Maurice*, 1:12-cr-55-LG-RHW (2013). On January 17, 2025, however, then-President Joseph Biden commuted "the total sentence of imprisonment [Maurice] is now serving to expire on July 16, 2025." *See* [2-1].

On April 24, 2025, while housed at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), Maurice filed the instant Petition under 28 U.S.C. § 2241, arguing that he has earned 365 days of First Step Act time credit,[1] which the Bureau of Prisons ("BOP") now refuses to apply to his commuted sentence. According to Maurice, on February 1, 2025, the BOP recalculated his sentence as expiring on July 16, 2026, and applied the 365 days

---

[1] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

of credit to that date, making his release date July 16, 2025. [1] at 4. The time credit, argues Maurice, should be applied to the commuted sentence, entitling him to immediate release. *Id*. 4, 8

In the Petition, Maurice admits that he did not exhaust administrative remedies prior to filing this action. Thus, on May 20, 2025, the Court entered an Order [14] directing Maurice to show cause why this action should not be dismissed for failure to exhaust administrative remedies.[2] That same day, the Court also granted Maurice's Motions [3] [10] seeking an expedited briefing schedule and directed Respondent to file a response to the Petition. *See* Order [15]. Maurice responded on June 2, 2025, arguing that he should not be required to exhaust administrative remedies. *See* [24]. On June 6, 2025, Respondent filed a Response [29] in Opposition[3] arguing, *inter alia*, that the Petition should be dismissed because Petitioner failed to exhaust administrative remedies prior to filing this action.

Mindful of Maurice's request for expedited briefing and having received briefs from both parties on the exhaustion issue, the undersigned recommends, for the reasons which follow, that the Petition be dismissed without prejudice for failure to exhaust administrative remedies.

## ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49

---

[2] Courts may *sua sponte* raise the issue of whether a § 2241 habeas petition should be dismissed for lack of exhaustion. *See Buholtz v. Grant*, 2024 WL 5347991, at *1 (N.D. Tex. Sept. 12, 2024); *Wilson v. Warden*, 2021 WL 11550104, at *4 n.1 (E.D. Tex. Jan. 12, 2021); *Delagado v. Julian*, 2018 WL 2689271, at *1 (S.D. Miss. June 5, 2018); *Mitchell v. Young*, 2011 WL 3879513, at *2 (W.D. La. June 22, 2011). Additionally, Respondent has also now raised the issue of exhaustion as discussed herein. *See* Response [29].

[3] Respondent filed a Motion to Dismiss [20] on May 30, 2025, but he subsequently withdrew that Motion [20]. *See* Notice [27]; Order [28].

(5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008). There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Pursuant to 28 C.F.R. §§ 542.13-542.15, the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedies to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the grievance process, an appeal to the BOP's Office of General Counsel. *See* C.F.R. §§ 542.13-542.15; *see also* Declaration of Amy Landers [29-1] at 3.

In his Petition, Maurice states that he submitted a request for informal resolution on April 21, 2025. *Id*. at 2, 4. The next day, without a response to his request, Maurice submitted his Petition to prison officials for mailing. *Id*. at 9. The Petition was stamped filed in this Court on April 24, 2025. *Id*. at 1.

3

In his Response [24] to the Court's Order [14], Maurice further asserts that he did not receive a response to his request for informal resolution, and thus, on May 13, 2025, he submitted a formal request for administrative remedies,[4] which remains pending. *See* [24] at 1.

Facing the fact that he did not complete the administrative remedies process, Maurice presents multiple arguments why the Court should waive the exhaustion requirement. Noting that he did not receive a response to his request for informal resolution, Maurice argues that exhaustion is futile where prison officials fail to respond to properly submitted grievances. The undersigned first notes that Maurice submitted his Petition for mailing to this Court the day after he submitted his request for informal resolution. Thus, Maurice did not give prison officials an opportunity to respond to his request before he filed his Petition.

Moreover, even if Maurice did not receive timely responses to his administrative remedy submissions, such would not have prevented him from fully exhausting his administrative remedies. "[T]he regulations of the [BOP] provide authority for inmates who do not receive timely responses to administrative remedy submissions to pursue their appeals." *Flores v. Lappin*, 580 Fed. App'x 248, 250 (5th Cir. 2014). Pursuant to 28 C.F.R. § 542.18, if an inmate does not receive a response, he may consider the absence of a response to be a denial at that level. *See Buckley v. Pearsons*, 2011 WL 3022539, at *2 (S.D. Miss. May 25, 2011). "Furthermore, the fact that petitioner merely believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion." *Mercado-Pedroza v. Warden*, 2018 WL 1310008, at *3 (E.D. Tex. Feb. 13, 2018).

---

[4] Respondent asserts that the BOP has not received a request for administrative remedies. *See* [29] at 4; [29-1] at 4-5. However, even if the Court accepts as true Maurice's assertion that he submitted such a request, Maurice did not complete the administrative remedies process by appealing to the Regional Director and, if dissatisfied at that step, appealing to the Office of General Counsel.

Maurice also argues, citing "*Gonzalez v. United States*, 959 F. Supp. 2d 728 (W.D. Tex. 2013)" and "*Garza v. Davis*, 596 F. App'x 319 (5th Cir. 2015)," that exhaustion is not required because his right to an immediate release is an urgent liberty interest, and any "administrative delay" would defeat the purpose of his request for immediate release. *See* [2] at 5, 9.  However, neither *Gonzalez* nor *Garza* exists,[5] and Maurice's argument is not supported by the law.

The fact that it takes time to exhaust administrative remedies does not excuse a petitioner from completing the process.  The Supreme Court has held that even inmates who may be entitled to immediate release must exhaust administrative remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973).  The Supreme Court also noted that while exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Id*.  Maurice's request for immediate release does not demonstrate extraordinary circumstances for his failure to exhaust. *See Goss v. Longley*, 2014 WL 4658970, at *2 (S.D. Miss. Sept. 17, 2014) ("The possibility of [petitioner's] sentence expiring while the administrative remedy process is pending falls short of the 'extraordinary circumstances' required."); *Falcon v. Upton*, 2014 WL 712547, at *2 (N.D. Tex. Feb. 23, 2014) (denying petition as unexhausted in spite of petitioner's claim that exhaustion would have interfered with her ability to obtain the full twelve months of placement in a halfway house); *Mitchell v. Young*,

---

[5] The citation provided for "*Garza*" is actually the citation for *Torres v. Krueger*, a bankruptcy case wholly irrelevant to Maurice's exhaustion argument.  The citation provided for "*Gonzalez*" does not exist.  The undersigned suspects that this is the continuation of a growing trend: litigants using artificial intelligence ("AI") or other devices to prepare briefs.  "[B]riefing built on AI-generated cases that stand for legal propositions in direct contravention of actual case law is the epitome of baseless, and while courts afford *pro se* litigants considerable leeway, that leeway does not relieve *pro se* litigants of their obligation under Rule 11 to confirm the validity of any cited legal authority." *Willis v. U.S. Bank Nat. Assoc.*, ---F. Supp. 3d---, 2025 WL 1408897, at *3 (N.D. Tex. May 15, 2025) (internal quotations and citation omitted).  In any event, whether generated by AI or not, the cited cases apparently do not exist.

2011 WL 3879513, at *2 (W.D. La. June 22, 2011) (rejecting petitioner's argument that "further exhaustion would be futile because by the time the administrative remedy process has been completed, his release date will have come and gone.").

The undersigned also notes that Maurice is responsible for the timing of the submissions of his Petition and the administrative remedies requests. According to Maurice, he was entitled to immediate release when his sentence was commuted on January 17, 2025, yet he waited until April 21, 2025, to submit a request for informal resolution and until April 22, 2025, to submit his Petition. This lack of diligence militates against Maurice's claim that extraordinary circumstances warrant an exception to the exhaustion requirement.

## CONCLUSION AND RECOMMENDATION

The record shows that Maurice did not exhaust his administrative remedies, and he has failed to demonstrate any extraordinary circumstances that would warrant waiving the exhaustion requirement. Thus, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 9th day of June, 2025.

s/ Michael T. Parker
United States Magistrate Judge
