UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LIONEL RAYALE MAURICE                                    PETITIONER

v.                              CIVIL ACTION NO. 3:25-cv-291-TSL-MTP

WARDEN BARRY WINGFIELD                                   RESPONDENT

ORDER

This cause is before the court on the June 9, 2025 report and

recommendation of United States Magistrate Judge Michael T.

Parker.  Therein, he recommended that Maurice's § 2241 petition be

dismissed for failure to exhaust.  Maurice has filed an objection

forwarding an argument not made to the magistrate judge- "the

strength and uniqueness of Petitioner's statutory argument under

the First Step Act" in the wake of the Supreme Court's decision in

Loper Bright Enters. v. Raimondo, 603 U.S. 369, 144 S. Ct. 2244,

219 L. Ed. 2d 832 (2024),[1] constitutes an extraordinary

circumstance overcoming his admitted failure to exhaust.  It does

not.  Last term, in Loper, the Court overruled Chevron U.S.A.,

Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 104 S. Ct.

---

[1]    Last term, Loper, the Court overruled Chevron U.S.A., Inc. v.
Nat. Res. Def. Council, Inc., 467 U.S. 837, xxx,  (1984), which
had established the requirement that a court must defer to an
agency interpretation of an ambiguous statute, and held a court
instead must "exercise [its] independent judgment in deciding
whether an agency has acted within its statutory authority." 603
U.S. at 412-13.

2778, 81 L. Ed. 2d 694 (1984), which had established the requirement that a court must defer to an agency interpretation of an ambiguous statute, and held a court instead must "exercise [its] independent judgment in deciding whether an agency has acted within its statutory authority." 603 U.S. at 412-13.  Contrary to petitioner's suggestion otherwise, Loper in no way stands for the proposition that courts can excuse a § 2241 petitioner's failure to administratively exhaust to reach what the litigant deems important or novel issues of statutory interpretation.  See Nuckles v. Yeager, No. 1:25-CV-00125-RDP-SGC, 2025 WL 1490057, at *1 (N.D. Ala. May 22, 2025) (post-Loper case wherein court declined to interpret Fair Sentencing Act where petitioner had failed to administratively exhaust); Garvin v. Sage, No. 3:25-CV-199, 2025 WL 1068573, at *4 fn. 1 (M.D. Pa. Apr. 9, 2025).  It follows that this objection is overruled.[2]  Alternatively, assuming arguendo that the objection is well taken, considering the merits, petitioner is not entitled to relief for the reasons

---

2    The court has applied a clearly erroneous or contrary to law standard of review to the portions of the report and recommendation to which petitioner has made no objection and a de novo standard of review to the newly asserted argument.  See 28 U.S.C. § 636(b)(1).

set forth in the government's response in opposition to the petition.[3]

Based on the foregoing, it is ordered that petitioner's objection is overruled and the June 4, 2025 report and recommendation is adopted as the opinion of the court, with the following modification:  Alternatively, reaching the merits of the petition, the court finds that petitioner is not entitled to relief for the reasons set out in the government's response in opposition.  The petition will be dismissed.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 8th day of July, 2025.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[3]    Particularly persuasive is the court's reasoning in Ramdeo v Tyler, 5:25-cv-111-SPC-PRL, slip. 8-9, (M.D. Fla March 4, 2025) (concluding that BOP's reading of commutation order setting defendant's release date for a date certain comported with plain language of the order and was a reasonable interpretation of the same).